IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent/Plaintiff, | § | |
| | § | CIVIL ACTION NO. H-13-0607 |
| v. | § | (CRIMINAL NO. H-10-445) |
| | § | |
| JOSE ALBERTO SALAS-GONZALEZ, | § | |
| | § | |
| Petitioner/Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Defendant, Jose Alberto Salas-Gonzalez ("Gonzalez"), has filed an Application for Authorization to File Motion Under 28 U.S.C. § 2255 Pursuant to Sections 2244(b)(3)(A) and 2255(h)(1) ("Petition") (Docket Entry No. 1 in C.A. No. H-13-0607 and Docket Entry No. 28 in Crim. No. H-10-445). The United States has filed a Motion to Dismiss Petitioner's § 2255 Motion (Docket Entry No. 38 in Crim. No. H-10-445).

On September 8, 2010, Gonzalez pleaded guilty to illegal reentry after deportation in violation of Title 8, United States Code § 1326(a) and (b).[1] On December 2, 2010, the court sentenced Gonzalez to 46 months in prison; and on December 3, 2010, the court entered its judgment (Docket Entry No. 25 in Crim. No. H-10-445). Because Gonzalez did not file a notice of appeal, the judgment

---

[1] Transcript of Rearraignment, Docket Entry No. 36 in Crim. No. H-10-445.

became final on December 17, 2010, the last date on which he could have filed a notice of appeal. See Fed. R. App. P. 4(b)(1)(A)(i). Gonzalez signed the Certificate of Service of his Petition on February 25, 2013, and filed it with the court on March 4, 2013.

28 U.S.C. § 2255(f)(1) imposes a one-year limitation period from the date on which the judgment of conviction becomes final. Gonzalez's one-year limitation period expired on December 17, 2011. Although in certain rare and exceptional circumstances equitable tolling can prevent the running of limitations, Gonzalez's Petition does not establish a basis for equitable tolling in this case.

In his Petition Gonzalez states:

> As a pro se litigant, Gonzalez is uncertain as to the appropriate forum upon which to submit his claim for relief. He did not previously file a § 2255 motion because the one-year statute of limitation ran out before he succeeded in obtaining the documents submitted here to support his claim, and, it took him more than a year to learn enough about the law to realize the claim he advances now.
>
> Although he did not previously file a § 2255 motion (and thus he does not seek to file a "second or successive" motion), the only statutes Gonzalez can find that allows relief based on newly discovered evidence is 28 U.S.C. §§ 2244 and 2255(h)(1). Thus, for lack of a more appropriate forum, Gonzalez invokes these statutes and thereupon presents his claim for relief.[2]

28 U.S.C. § 2255(h)(1) applies to second or successive motions. As Gonzalez acknowledges, his Petition is not a second or successive motion. It is therefore governed by 28 U.S.C. § 2255(f). Gonzalez

---

[2] Petition, Docket Entry No. 28 in Crim. No. H-10-445, p. 4.

provides no reason why he could not have obtained the "evidence" or learned of the legal arguments that he now raises before the one-year limitation period expired. He has therefore failed to establish such rare or exceptional circumstances that would equitably toll the limitations period.

Moreover, even had Gonzalez timely filed his Petition he has not made a credible claim that he is actually innocent of violating 8 U.S.C. § 1326(a) and (b) or that his appointed counsel was ineffective in failing to raise the defense that Gonzalez had obtained derivative United States citizenship. Gonzalez's derivative citizenship argument is premised on his unsupported claim that his mother became a naturalized United States citizen before Gonzalez's eighteenth birthday. His Declaration, (Docket Entry No. 28, page 12 ¶ 7) states "[t]hat my mother had repeatedly told me that she was a naturalized U.S. citizen." None of the documents attached to Gonzalez's Petition provide any evidence that his mother was a naturalized United States citizen. Gonzalez also "submits that he derived U.S. citizenship through the judicial order issued by the State Court of Texas, which found him to be factually and legally dependent on the State of Texas, and, found it in Gonzalez's best interest <u>not</u> 'to return to the Republic of Mexico'" (Petition, Docket Entry No. 28 in Crim. No. H-10-445, at p. 6). The order to which Gonzalez refers, after adjudging "that [his] parents' previous country of nationality or country of last habitual residence is the Republic of Mexico" merely recommended

that it was in the best interest of Gonzalez and his siblings for an application to be submitted on their behalf to the Immigration and Naturalization Service to become lawful permanent residents of the United States. Gonzalez provides no evidence, however, that such an application was ever submitted and, if it was, that it was granted, or that he ever became a United States citizen. He has therefore failed to raise a credible claim that he was actually innocent or that his appointed counsel was ineffective in failing to raise a defense of derivative citizenship.

The United States' Motion to Dismiss Petitioner's § 2255 Motion (Docket Entry No. 38 in Crim. No. H-10-445) is **GRANTED**, and Gonzalez's Application for Authorization to File Motion Under 28 U.S.C. § 2255 Pursuant to Sections 2244(b)(3)(A) and 2255(h)(1) (Docket Entry No. 1 in C.A. No. H-13-0607 and Docket Entry No. 28 in Crim. No. H-10-445) is **DENIED**.

**SIGNED** at Houston, Texas, on this the 23rd day of May, 2013.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE